IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIANE M. KENT                                :
                                             :
                                             :
           v.                                :        CIVIL NO. CCB-06-2351
                                             :
MARYLAND TRANSPORTATION                      :
AUTHORITY, ET AL.                            :
                                  ...o0o...

### MEMORANDUM

The plaintiff, Diane M. Kent, representing herself, brings this suit against the Maryland

Transportation Authority ("MdTA") and Lieutenant Dana Whitt, alleging that they attempted to

keep her from availing herself of benefits to which she was entitled under the Family and

Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA").  The defendants' motion to dismiss has

been fully briefed, and pursuant to Local Rule 105.6, no hearing is necessary.  For the reasons

set out below, the motion to dismiss will be granted.

### BACKGROUND

During the events giving rise to this suit, Ms. Kent was employed by the MdTA.[1]

(Compl. ¶ 3.)  She fell and injured her knee on August 25, 2004 and requested FMLA leave

beginning roughly August 26, 2004.  (*Id.* ¶ 8.)  It does not seem as if she reported for work

following the fall.  Her supervisor, Lt. Whitt, was apparently not satisfied with Ms. Kent's

documentation and required her to submit to an additional medical evaluation by a physician of

the MdTA's choosing (Dr. Pollak), which she did.  (*Id.* ¶¶ 10, 12.)  Ms. Kent alleges she was not

---

[1] Ms. Kent does not identify her specific job in her complaint; a doctor's report lists it as
"telecommunication operator".  (Pl.'s Opp'n Mot. Dismiss, Ex. 10, Evaluation of Dr. Sawyer.)

1

given prompt notification as to whether or not her request was approved (*id.* ¶¶ 11,13), and when

she called the MdTA on November 3, 2004 to inquire about its status, she was informed that her

leave under the FMLA was expiring (*id.* ¶ 13).  In a letter dated November 8, 2004, the MdTA

informed Ms. Kent that her FMLA leave had expired as of November 1, 2004, and she would be

required to have another medical evaluation with a Dr. Sawyer to determine whether she could

return to work and what options might be available to her if she could not, such as unpaid leave.

(*Id.* ¶¶ 13-14; Ex. 2, Letter from Jennifer Huth.)  These communications were the first

notification that Ms. Kent claims to have had regarding the MdTA's action on her FMLA

request; that is, she found out that it had been granted only after it had run out.  (*Id.* ¶¶ 11, 13.)[2]

She complied with the request for an additional examination by Dr. Sawyer.  (*Id.* ¶ 12.)

Ms. Kent generally requests damages "as compensation for the damages and losses she

has sustained as a result of the breach of the FMLA statute, as well as any other damages or

relief afforded to her under said statute."  (*Id.* ¶ 18.)  She contends that the defendants took

"every step to prevent Plaintiff from utilizing the benefits and protections of the FMLA."  (*Id.*)

Her specific grievances seem to be that she was required to submit to two evaluations by doctors

MdTA chose, one of which occurred after her FMLA leave had expired, and that she did not

receive timely notification of the MdTA's decision about her FMLA request.  (*Id.* ¶¶ 13-14.)

She filed a complaint with the Department of Justice and received a "right to sue" letter.  (*Id.* ¶

_____

[2] I note that the MdTA seems to have communicated with Ms. Kent about the status of
her request in a letter dated September 24, 2006, which stated that Ms. Kent was "provisionally
entitled" to leave under the FMLA, pending the outcome of Dr. Pollak's evaluation.  (Pl.'s
Opp'n Mot. Dismiss, Ex. 4, Letter from Jennifer Huth; Def.'s Reply Pl.'s Opp'n Mot. Dismiss at
4-5.)  However, for the purposes of analyzing the motion to dismiss, I will rely on the facts
alleged in Ms. Kent's complaint.

15.)  Ms. Kent filed the complaint giving rise to this case on September 11, 2006, which is within two years from the last event giving rise to the alleged violation as required by the FMLA.  29 U.S.C. § 2617(c)(1).

## ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Edwards*, 178 F.3d at 244.  In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions.  *See, e.g.*, *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions); *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (affirming Rule 12(b)(6) dismissal with prejudice because the plaintiff's alleged facts failed to support her conclusion that the defendant owed her a fiduciary duty at common law).

*Failure to State a Claim*

Ms. Kent's claim must be dismissed because she has failed to state a claim for which relief could be granted under the FMLA.  The FMLA entitles an eligible employee, which the parties seem to accept that Ms. Kent is, to 12 weeks of leave during a 12 month period due to a "serious health condition that makes the employee unable to perform the functions of the position of such employee," as well as three other reasons relating to care of other family members.  29 U.S.C. §§ 2611(2)(A) & 2612(a)(1)(D).  Employers covered by the FMLA are prohibited from interfering with an employee's exercise of her rights under the FMLA.  29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.").  In the event of an employer's interference, an employee may sue for damages in:

> (i) the amount of (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee.  29 U.S.C. § 2617(1)(A)(i)(I)(II).

Ms. Kent was given leave under the FMLA and does not allege that she was denied any time off to which she was entitled.  *See* Defs.' Mot. Dismiss at 6.  She complains instead of having to see two doctors chosen by the MdTA in order to obtain her leave.  The first visit to Dr. Pollak was requested by Lt. Whitt because she was not satisfied with Ms. Kent's FMLA leave request documentation.  (Compl. ¶ 10.)  An employer is authorized to request a second opinion by the provider of its choosing in response to an employee's FMLA request (29 U.S.C. § 2613(c)(1)), thus Ms. Kent has no cause of action against the defendants for an action

4

specifically permitted by statute.[3]  The second visit to Dr. Sawyer appears to have been requested

by the defendants to see what steps should be taken upon the expiration of Ms. Kent's leave

under the FMLA.  (Compl. ¶ 13); *see also* Compl. Ex. 2, Letter from Jennifer Huth (explaining

that Ms. Kent would have the option of applying for unpaid leave if the MdTA's chosen doctor

found she qualified).  As this appointment relates to leave apart from that allowed under the

FMLA, which Ms. Kent had already exhausted, the FMLA does not govern it.  There is nothing

in the FMLA preventing an employer from having leave programs in place which go beyond the

FMLA's provisions; indeed, such additional measures are encouraged.  29 U.S.C. § 2653.

Therefore, since the request for the appointment with Dr. Sawyer seems to have been made

pursuant to this type of permissible policy, Ms. Kent has no recourse to the FMLA for

complaints regarding it.  This is not to say that Ms. Kent did not feel aggrieved during this

process, but that even if all events relating to these two doctors' visits occurred precisely as she

alleges they did, and even if she were granted leave to amend her complaint, she has no cause of

action under the FMLA because nothing rises to the level of interfering with her rights.  *See*

Pl.'s Opp'n Mot. +Dismiss at 1-5 (detailing Ms. Kent's grievances).

 Ms. Kent further complains of the defendants' delay in advising her as to the status of her

FMLA leave request.  (Compl. ¶¶ 11, 13.)  There are notice requirements placed upon the

---

 [3] In her opposition to the defendants' motion to dismiss, Ms. Kent claims that the length of
the trip between her home and Dr. Pollak's office was burdensome.  (Pl.'s Opp'n Mot.
Dismiss at 2.)  An employer is obligated to reimburse "reasonable 'out of pocket' travel
expenses incurred to obtain the second and third medical opinions" and can only ask the
employee to go "outside normal commuting distance . . . in very unusual circumstances."  29
C.F.R. § 825.307(e).  Ms. Kent does not allege that her expenses were not reimbursed, nor does
she characterize her trip to Dr. Pollak's office as outside the boundaries of "normal commuting
distance".  Thus even if her grievances about this visit had been mentioned in her complaint,
they would not present claims for which relief could be granted.

employer when an employee requests leave under the FMLA.  *See generally* 29 C.F.R. §§

825.208, 825.301.[4]  It is possible that the MdTA did not strictly comply with every detail of

them.  For instance, the employer must provide "the employee with written notice detailing the

specific expectations and obligations of the employee," and this notice should be given at least

"the first time in each six-month period that an employee gives notice for FMLA leave."[5]  29

C.F.R. § 825.301(b)(1) & (c).  The regulations further require notice to "be given within a

reasonable time after notice of the need for leave is given by the employee– within one or two

business days if feasible."  *Id.* at (c).  Ms. Kent alleges that she did not get written notice of

anything until her FMLA leave was expiring, which was certainly more than one or two business

days after her request and arguably more time than was reasonable.[6]  Given that "[a]ny violations

of the Act [FMLA] or of these regulations constitute interfering with, restraining, or denying the

exercise of rights provided by the Act," the defendants' failure to adhere strictly to the

regulations could constitute interference with Ms. Kent's rights under the FMLA.  29 C.F.R. §

---

[4] Note that the validity of 29 C.F.R. § 825.208 has been called into question by several courts.  *See Roberson v. Cendant Travel Serv., Inc.*, 252 F. Supp. 2d 573, 577 (M.D. Tenn. 2002) (explaining that "[s]everal Circuits have rejected this regulation . . . because the FMLA is meant to make it unlawful for the employer to impede the employee's exercise of their [sic] right to leave, not to enable an employee to sue for failure to give notice.").  I do not need to decide the issue in this case.

[5] Since it is possible that the FMLA request for her knee injury was not Ms. Kent's first request in a six-month period, given her reference to previous leave to care for her husband, I note that the employer also has an obligation to provide written notice "[i]f the specific information provided by the notice changes with respect to a subsequent period of FMLA leave during the six-month period", which it arguably would when the first period was to care for someone else and the second period was for self-care.  29 C.F.R. § 825.301(c)(1).

[6] Even accepting September 24, 2004 as the date of initial written notification, the delay might be considered unreasonable given that it was roughly a month after Ms. Kent's initial request for leave.

825.220(b).

Allegations of interference are not sufficient in and of themselves, however, to state a claim for which relief could be granted.  Even if the defendants could be found to have interfered with Ms. Kent's rights, the FMLA "provides no relief unless the employee has been prejudiced by the violation."  *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 88-89 (2002).  *See also Reed v. Buckeye Fire Equip. Co.*, 422 F. Supp. 2d 570, 576-77 (W.D.N.C. 2006) (explaining that "in order for a plaintiff to maintain an FMLA claim, he must establish both an interference, restraint, or denial of his FMLA rights *and* a resulting prejudice.") (italics in original).  Ms. Kent does not allege any actual damages resulting from the length of time it took the defendants to inform her of the status of her leave request.  *See* Defs.' Mot. Dismiss at 6.  She does not allege that she was in any way prejudiced; that is to say, that she suffered a loss of compensation or other monetary loss, or a loss of her position or other benefit that equity could restore.  *See Ragsdale*, 535 U.S. at 89.  Rather, she alleges just that she was inconvenienced, confused, and upset.  These grievances may reflect Ms. Kent's personal experiences, but they do not state a claim under which the law could grant relief.  *See also Dodgens v. Kent Mfg.*, 955 F. Supp. 560, 564-65 (D.S.C. 1997) (granting summary judgment for defendant employer despite clear violation of notice requirements of FMLA because "the court would be elevating form over substance to permit this claim to go forward in light of the fact that Dodgens received all of the leave benefits that he was guaranteed pursuant to the FMLA.").

As Ms. Kent fails to state a cause of action against either defendant, the defendants' other arguments for dismissal need not be considered.

A separate order follows.

_December 21, 2006_                                  _/s/_

               Date                                          Catherine C. Blake

                                                    United States District Judge